IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Jonathan H. Horsfall,

(Chapter 7)

Debtor.

Case No. 10-12596

First Weber Group, Inc.

Plaintiff,

v.

Adv. No. 10-00179

Jonathan H. Horsfall

Defendant.

MEMORANDUM DECISION

On December 1, First Weber filed a Motion for Reconsideration of this court's Memorandum Decision on the parties' Motions for Sanctions. It is unclear whether the motion seeks a new trial or to alter or amend a judgment, under Fed. R. Bankr. P. 9023, incorporating Fed. R. Civ. P. 59, or seeks relief from a final judgment, order, or proceeding, under Fed. R. Bankr. P. 9024, incorporating Fed. R. Civ. P. 60. First Weber also requests that the Memorandum Decision be removed from publication.

Generally speaking, reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the

1

Court by the parties or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Fed. R. Civ. P. 59(a)(2) provides that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(e) applies to motions to amend or alter judgment. Grounds for a Rule 59(e) motion are newly discovered evidence, an intervening change in the controlling law, and a manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). None has been suggested or supported as a basis for the present motion and any relief sought under this rule must be denied.

Fed. R. Civ. P. 60 allows a court to relieve a party from a judgment on limited grounds, which have not been suggested here, or: "(6) any other reason justifying relief." Fed. R. Civ. P. 60(b). As First Weber prevailed on the motion seeking sanctions against it, it is hard to imagine it is seeking relief from that outcome. If it is seeking relief from the denial of sanctions it sought in apparent retaliation to the Defendant's motion for sanctions, the record does not support that there is any reason for its being granted. Counsel was invited to present at the hearing on the motion anything additional in support of its position. Mr. Moermond was given the final opportunity to be heard. I considered the issues raised both at oral argument and those in counsel's written responses. There was no insufficiency of opportunity to address the merits of the motion. As no other grounds under Rule 60 have been advanced, relief under that rule must be denied.

My Memorandum Decision, dated November 17, 2011, is a public document. It has not been and is not scheduled to be submitted to official or commercial publishers. Out of deference

2

to Mr. Moermond's feelings, I will withhold it from further publication. It was never my intention to embarrass Mr. Moermond. I intended only to hold up a mirror to permit his self-examination of the visage he presented to this court.

For the reasons outlined above, the Motion for Reconsideration is DENIED. It will be so ordered.

Dated: December 8, 2011

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE